**DAYTON ENGINEERING LABORATORIES CO. v. UNITED STATES.**

**No. 576.**

District Court, S. D. Ohio, W. D.
March 25, 1933.

352

Craighead, Cowden, Smith & Schnacke, of Dayton, Ohio, Charles R. Carroll, of New York City, and Frank S. Bright, of Washington, D. C., for plaintiff.

C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, Henry C. Clark, and E. L. Updike, Sp. Attys., Bureau of Internal Revenue, all of Washington, D. C., Haveth E. Mau, U. S. Atty., of Cincinnati, Ohio, and W. A. Rogers, Asst. U. S. Atty., of Dayton, Ohio.

NEVIN, District Judge.

This is an action at law wherein plaintiff alleges that there is now due and owing to it from the defendant the sum of $369,-477.08, with interest thereon from November 25, 1925. The action grows out of an alleged overpayment by plaintiff to the defendant in the amount just referred to as income and excess profits taxes for the fiscal year ending June 30, 1918, and which was collected from plaintiff on November 25, 1925, by the collector of internal revenue. The cause was submitted to the court upon a stipulation as to the facts "as an agreed case."

Briefly and summarized, the facts as agreed upon show that the Dayton Engineering Laboratories Company, plaintiff herein, was a corporation duly organized on July 22, 1909, under the laws of the state of Ohio, and that it existed as such until February 24, 1927, on which date it was voluntarily dissolved in accordance with the laws of the state of Ohio. This present proceeding purports to be brought by said corporation. Neither the stockholders of said company nor any court of competent jurisdiction have or has appointed liquidating trustees for the company. The plaintiff company became affiliated with United Motors Corporation, a New York corporation, during the fiscal year ending June 30, 1918. In September, 1918, plaintiff filed a "Tentative Return of Annual Net Income for the Fiscal Year ended June 30, 1918," and also "Return of Excess Profits Tax for the Fiscal Year ended June 30, 1918." On December 12, 1918, plaintiff paid to the collector the sum of $162,181.61, the amount disclosed by said documents as income and profits taxes in respect of the fiscal year ended June 30, 1918.

On May 27, 1919, plaintiff filed with the collector a document designated "Information Return of Subsidiary or Affiliated Corporation." On November 25, 1925, plaintiff paid to the collector of internal revenue, at Cincinnati, Ohio, the sum of $369,477.08, being additional income and profits taxes assessed against the company by the Commissioner of Internal Revenue in respect of the fiscal year ended June 30, 1918, with interest thereon. The stipulation further shows as follows:

"9. The income and profits taxes of The Dayton Engineering Laboratories Company in respect of the fiscal year ended June 30, 1918, was the sum of $162,181.61, which is now agreed to be the total due by said company for such taxes in respect to such period.

"10. The said payment of $369,477.08 paid, as aforesaid, was in its entirety in excess of the amount properly due from The Dayton Engineering Laboratories Company and was an overpayment of income and profits taxes in respect of the fiscal year ended June 30, 1918.

"11. On January 8, 1929, there was filed with the Collector of Internal Revenue for the First District of Ohio a document, of which a true copy is annexed to this stipulation, marked 'Exhibit 5.' The Commissioner of Internal Revenue has taken no action upon the claim purported to be presented by said document.

"12. No portion of the said sum of $369,477.08, above-mentioned, has been refunded or credited.

"13. Said The Dayton Engineering Laboratories Company was the same corporation as the plaintiff in an action heretofore brought in the Court of Claims of the United States on or about December 11, 1922, and designated on the docket of said court as No. B-429.

"14. This case is submitted to the court as an agreed case which, as counsel conceive, presents only the following questions of law:

"(a) Was the document referred to in Paragraph 11 hereof and designated a refund claim, executed and filed in such form and by such person to be effective as a claim for refund?

"(b) Was this suit prepared and filed by and in the name of the proper party?"

1. It is conceded that the United States is not subject to suit except by its consent, that in granting its consent to be sued the United States may attach such conditions as it may deem proper, and that an essential condition precedent to the instituting of this suit against the United States is the filing of a claim for refund within four years of the date of payment. As above set out, payment was made on November 25, 1925, and a document entitled "Claim for Refund of Taxes Illegally Collected" was filed on January 8, 1929. The defendant claims that the document just referred to, designated "Claim for Refund of Taxes Illegally Collected," which was filed by plaintiff nearly two years after the dissolution of the corporation, must be disregarded; that it is of no force and effect for the reason, as claimed, that after dissolution a corporation is dead, and, in the absence of a statute continuing its powers, cannot act; that the dissolution of a corporation terminates all its powers and functions equally as does death those of an individual, unless expressly continued by statute.

At the time the plaintiff company was dissolved, to wit, on February 24, 1927, section 8742 of the General Code of Ohio provided that upon dissolution of a corporation "* * * the directors, trustees, or managers of the affairs of such corporation, acting last before the time of its dissolution, by whatever name known in law, and their survivors, shall be the trustees of the creditors and stockholders of the dissolved corporation, and have full power to settle its affairs, collect and pay outstanding debts. * * *"

Referring to this section in the case of Macneale et al. v. Lalance, etc., Co., 276 F. 491, the Court of Appeals of this (Sixth) Circuit, at page 497, say: "Nevertheless, as directors of the Toledo Company at the time that corporation was dissolved, plaintiffs became and were trustees, not only for its stockholders but for creditors, of the assets coming into their hands as such directors. Section 8742, Ohio. G. C."

In 1927 the Legislature of Ohio passed an act known as the General Corporation Act, 112 Ohio Laws, p. 9 et seq. That act was approved March 8, 1927, and became of full force and effect on June 8, 1927. It will be seen, therefore, that the act just referred to, although enacted in the same year, was passed, approved, and became effective at a date subsequent to the time that the plaintiff corporation was voluntarily dissolved. It is the claim upon the part of the defendant that under the law of Ohio, as it existed at the time the plaintiff company was dissolved, the title to the property of the corporation was vested in its directors as liquidating trustees, and that the Legislature of Ohio in enacting the General Corporation Act "was careful not to disturb the title of property which had previously vested in liquidating trustees" under the sections of the Code theretofore existing, basing their claim (as set out in the brief on behalf of defendant) upon the theory that it was provided in the General Corporation Act (section 8623-94, 1932 Supplement of G. C. O.) that: "Nothing in this act shall be taken to have terminated the authority of trustees duly created or appointed pursuant to former laws of this state to adjust, settle or wind up the affairs of a corporation."

This provision just quoted, however, was not in the 1927 Act (General Corporation Act) which was in force when the claim for refund was filed. The quotation just referred to is a part of amended section 8623-94, which amended section became effective July 23, 1929. 113 Ohio Laws, pp. 454, 462.

The claim is presented on the part of the defendant, therefore, that while under the law of Ohio, prior to the 1927 Code, title to the assets of a dissolved corporation passed to liquidating trustees and the corporate entity came to an end, the 1927 Code continued the dissolved corporation for the purpose of winding up its business and title to the corporate assets remained in the old corporation for this purpose; that, since the dissolution of plaintiff corporation had taken place under the old law, title had passed and become vested in liquidating trustees and the corporation ceased to exist; that subsequently enacted law could neither divert this vested title nor bring to life "a dead and buried corporate entity"; and that the document designated "Claim for Refund of Taxes Illegally Collected" was not executed by any one having any interest in the asserted claim, or that at most the document is signed by a dead entity asking for money, title to any claim to which had passed from the dead entity and had become vested in others.

At the time the claim for refund was filed (January 8, 1929), the following sec-

tions of the 1927 act (General Corporation Act) were in effect:

"Sec. 8623-80. Winding up.

"Section 80. Upon the filing of any such certificate together with receipts showing the payment of all franchise and other taxes to the date of such filing or the giving of security therefor satisfactory to the tax commission, the corporation shall be dissolved and shall cease to carry on its business, but it shall continue for the purpose of paying, satisfying and discharging any existing liabilities or obligations, collecting and distributing its assets and doing all other acts required to adjust, settle and wind up its business and affairs, and it may do all such acts and may sue and be sued in its corporate name." 112 Ohio Laws, p. 41.

"Sec. 8623-82. Directors; powers and duties.

"Section 82. The directors named in such certificate and their survivors, or successors, shall act as a board in accordance with the regulations and by-laws of the corporation until the corporation is completely wound up and they shall proceed as speedily as may be practicable to a complete winding up of the corporation and, to the extent necessary or expedient to that end, shall exercise all the powers of such dissolved corporation, and, without prejudice to the generality of such authority, may fill vacancies, elect officers, carry out the contracts of the corporation, make new contracts, borrow money, mortgage or pledge the property of the corporation as security, sell its assets at public or private sale, make conveyances in the corporate name, lease real estate for any term, including ninety-nine years renewable forever, settle or compromise claims in favor of or against the corporation, apply assets to the discharge of liabilities, distribute assets either in cash or in kind among shareholders according to their respective rights after paying or adequately providing for the payment of liabilities, and do and perform all acts necessary or expedient to the winding up of the corporation.

"All deeds and other instruments shall be in the name of the corporation and shall be executed by its president or a vice-president, or other officer appointed by the directors, and may be attested by the secretary or an assistant secretary." 112 Ohio Laws, p. 41.

Most of the previous enactments regarding corporations, including section 8742 (above referred to), of the General Code of Ohio, were repealed (112 Ohio Laws, p. 9) at the time of the enactment of the General Cor-

poration Act of 1927. The only statutes (with respect to the matter under immediate consideration) in effect at the time the claim for refund was filed were the two sections 8623-80 and 8623-82, just referred to, and therefore it would seem that, inasmuch as the document designated "Claim for Refund of Taxes Illegally Collected" was filed within the time provided by the federal statute, section 284(b) (1) of the Revenue Act of 1926, 26 USCA § 1065(b) (1), it was entirely proper in making out and filing this claim for refund at the time it was signed and filed (January 8, 1929) for the board of directors of the plaintiff company to proceed, as was done in the instant case; that is, have the claim for refund signed, as was done, "Dayton Engineering Laboratories Company—By —M. L. Prentis, Treasurer." As hereinbefore stated, it was not until July, 1929 (subsequent to the time of the filing of the claim for refund), that the enactment containing the provision hereinbefore quoted became effective, providing that "Nothing in this act shall be taken to have terminated the authority of trustees," etc. Thus it would appear that by affirmative enactment effective July 23, 1929 (113 Ohio Laws, p. 454), the Legislature intended to reinvest in trustees the authority "to adjust, settle or wind up the affairs of a corporation" which had been taken away from them by the repeal of section 8742 at the time the General Corporation Act was adopted. At any event, as indicated, the only course open to a corporation seeking to file a claim for refund on January 8, 1929 (as in the instant case), was to follow the statutory provisions as set forth in sections 8623-80 and 8623-82.

The agreed statement of facts (paragraph 2) gives the names of the directors and officers of the plaintiff company acting last before the time of its dissolution and shows that M. L. Prentis was the treasurer at that time. Even if the authority of trustees already appointed pursuant to former laws of the state did continue, that would not alter the situation.

At the time the claim for refund was filed, among the duties, powers, and authority of directors of a dissolved corporation were those conferred by section 8623-82, above quoted. Section 8623-82 provides, among other things, that: "All deeds and other instruments shall be in the name of the corporation and shall be executed by its president or a vice-president, or other officer appointed by the directors, and may be attested by the secretary or an assistant secretary."

The "Claim for Refund of Taxes Illegally Collected," referred to in the instant case and filed with the collector, was such "other instrument" as is referred to in this section of the General Code, and it was proper, therefore, that it should be executed in the name of the corporation, signed by the treasurer, as was done. Further, it is the view of the court that the claim for refund could have been signed and filed in the form used even under the provisions of section 8742, Gen. Code Ohio, hereinbefore quoted.

The court is of the opinion that the "Claim for Refund of Taxes Illegally Collected" is in all respects adequate and valid and is and was a proper and effective claim for refund, and, upon being filed, became a proper prerequisite to the filing of this suit.

■ 2. Section 11968 of the General Code of Ohio, as it was in force in 1926, and thereafter up to June 8, 1927, provided that: "After its dissolution * * * a corporation may prosecute an action in and by its corporate name * * * the same as if it were not dissolved."

This section was repealed at the time the General Corporation Act was enacted, but in lieu thereof section 8623-80 was enacted. It would seem, therefore, that under either section it was proper to prosecute this action in the name of the plaintiff company, and that either under the law as it existed prior to June 8, 1927, or subsequent thereto, the action could and should have been prosecuted in the name of the corporation, and that therefore this suit was prepared and filed by and in the name of the proper party. It might be added that similar provisions to the same effect are contained in amended section 8623-80 of the 1929 Act, effective July 23, 1929 (113 Ohio Laws, p. 451).

Referring again to the two questions as propounded in the stipulation, it is the view of the court that they should be answered as follows:

Question: "(a) Was the document referred to in Paragraph 11 hereof and designated a refund claim, executed and filed in such form and by such person to be effective as a claim for refund?" Answer: "Yes."

Question: "(b) Was this suit prepared and filed by and in the name of the proper party?" Answer: "Yes."

■ At the time of the final submission of this cause to the court, counsel for plaintiff tendered in evidence a certified copy of a memorandum of the Court of Claims, in an action entitled Dayton Engineering Laboratories Company v. United States, docket No. B–429, entered on February 12, 1932. This document was offered as an exhibit. Defendant objected to its introduction. There was also offered in evidence on behalf of the plaintiff a certified copy of the entire record in the case just referred to, to which objection also was made on behalf of the defendant. At the time these documents were offered as exhibits, the court stated that it would overrule the objections "at this time," stating further that, when the case was finally and entirely concluded, "if I conclude the objection is well taken I will not consider the documents in evidence in the case and I will then sustain the objection." At this time the court sustains the objections of the defendant to the introduction of these documents, and in arriving at its conclusion in this case it has not considered the evidence sought to be introduced thereby.

As heretofore set out, it is agreed in the stipulation that the amount paid, to wit, $369,477.08, by plaintiff to defendant, was an overpayment of its income and profits taxes in respect of the fiscal year ended June 30, 1918, "in its entirety in excess of the amount properly due from The Dayton Engineering Laboratories Company."

In view of all of the foregoing, the court is of the opinion and so finds that plaintiff is entitled to recover from the defendant the sum of $369,477.08, as prayed for in its petition.

An order may be drawn awarding judgment accordingly.